**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| TAMIKA KILGORE and ERIKA BROWN *on behalf of themselves and all others similarly situated*, | |
| Plaintiffs, | Civil Action No. _____ |
| v. | **JURY TRIAL DEMANDED** |
| ENTERPRISE FLEET MANAGEMENT, INC. and THE CRAWFORD GROUP, INC. | |
| Defendants. | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Tamika Kilgore and Erika Brown ("Plaintiffs"), individually and on behalf of others similarly situated, file this Collective and Class Action Complaint, and state as follows:

1.      This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and putative class action for violations of the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. § 290.500 *et seq.*, brought against Enterprise Fleet Management, Inc. and The Crawford Group, Inc., (collectively "Defendants" or "Enterprise") on behalf of all current and former hourly "claims support employees" who worked for Defendants during the past three (3) years. Plaintiffs and the Putative Class are current and former employees who seek damages for unpaid overtime.

2.      "Claims support employee" roles include, but are not limited to, the job titles of Claims Support Coordinator, Claims Support Representative, and Repair Associate. Plaintiffs Tamika Kilgore and Erika Brown were employed by Defendants as Claims Support Coordinators. As Defendants' employees, Plaintiffs and all other similarly situated claims support employees

1

regularly worked over 40 hours per week, but did not receive overtime compensation for all of their overtime hours. The nature of these "claims support" jobs requires frequent off-the-clock work, but Defendants nevertheless maintain a categorical policy against paying more than 2 hours of overtime per week.

## JURISDICTION AND VENUE

3.      This court has original jurisdiction over this action under 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

4.      Venue within this district is proper under 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES

5.      Plaintiff Tamika Kilgore is a Nevada resident and has been employed by Defendants since October 19, 2022, as a Claims Support Coordinator. Plaintiff Kilgore brings this action as a collective action on behalf of herself and all others similarly situated, in accordance with 29 U.S.C. § 216(b), as well as a class action in accordance with Federal Rule of Civil Procedure 23. At all times material, Plaintiff Kilgore has been an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

6.      Plaintiff Erika Brown is a Missouri resident and was employed by Defendants between March 21, 2021, and August 1, 2024, as a Claims Support Coordinator. Plaintiff Brown brings this action as a collective action on behalf of herself and all others similarly situated, in accordance with 29 U.S.C. § 216(b), as well as a class action in accordance with Federal Rules of Civil Procedure 23. At all times material, Plaintiff Brown has been an "employee" within the meaning of the FLSA. 29 U.S.C. § 203(e)(1).

7.      Plaintiffs Kilgore and Brown have given their written consent to be Party-Plaintiffs in this action pursuant to 29 U.S.C. § 216(b). Their consent to sue forms are appended to this Complaint as Exhibit A.

8.      Defendant Enterprise Fleet Management, Inc. is a Missouri corporation with its principal address at 2281 Ball Dr. Saint Louis, Missouri 63146. At all relevant times, Enterprise Fleet Management, Inc. has been actively conducting business in the state of Missouri.

9.      At all relevant times, Defendant Enterprise Fleet Management has been a subsidiary of The Crawford Group, Inc.

10.     Defendant Enterprise Fleet Management can be served via its registered agent at CT Corporation System, 5661 Telegraph Rd. Ste 4B Saint Louis, Missouri 63219.

11.     At all times material, Defendant Enterprise Fleet Management has been an "employer" within the meaning of the FLSA and has been engaged in commerce as defined by 29 U.S.C. § 203(r)(1), with an annual dollar business volume exceeding $500,000.00.

12.     Defendant The Crawford Group, Inc. is a Missouri corporation with its principal address at 600 Corporate Park Drive Saint Louis, Missouri 63105. At all relevant times, The Crawford Group, Inc. has been actively conducting business in the state of Missouri.

13.     Defendant The Crawford Group, Inc. can be served via its registered agent at CT Corporation System, 5661 Telegraph Rd. Ste 4B Saint Louis, Missouri 63219.

14.     At all times material, Defendant The Crawford Group, Inc. has been an "employer" within the meaning of the FLSA and has been engaged in commerce as defined by 29 U.S.C. § 203(r)(1), with an annual dollar business volume exceeding $500,000.00.

15.     At all times material, Defendants have each been an "employer" within the meaning of the MMWL, Mo. Rev. Stat. § 290.500(4).

3

16.     At all times material, Plaintiffs and other similarly situated employees were Defendants' "employees" within the meaning of the MMWL, Mo. Rev. Stat. § 290.500(3).

## FACTS

17.     Defendants lease vehicles to companies, organizations, and government agencies that operate a "fleet" of 15 or more vehicles per year. Enterprise provides a depth of services for company fleets, including the acquisition and resale of vehicles, vehicle maintenance, vehicle tracking, fuel, and accident management. *See e.g. What Is Fleet Management?*, Enterprise Fleet Management (last visited Feb. 2, 2026), https://www.efleets.com/en/faq/what-is-fleet-management.html.

18.     Enterprise's Claims Department is responsible for the company's "accident management" services. Specifically, the Claims Department provides accident support by managing the claims process for clients, coordinating repairs, providing replacement vehicles, and facilitating accurate accident reporting.

19.     Plaintiffs Kilgore and Brown, and all others similarly situated, work or have worked in the Defendants' Claims Department as "claims support employees." In these roles, Plaintiffs are responsible for job duties including but not limited to answering incoming calls, communicating with clients after accidents, processing and reporting claims, acquiring repair estimates, managing vehicle drop off and pick up, coordinating vehicle repairs, troubleshooting repair issues, and managing communication with clients throughout the repair process.

20.     Claims support employees, including Plaintiffs and similarly situated employees, are responsible for maintaining positive relationships with clients and providing ongoing support throughout the claims process.

4

21.     Plaintiffs and similarly situated employees were regularly scheduled to work a scheduled 40 hours per week and were paid by Defendants on an hourly basis.

22.     For example, Plaintiff Kilgore's regularly scheduled shifts are from 8 a.m. to 5 p.m., five days a week, inclusive of a one-hour uncompensated lunch break. Thus, any work performed outside of her regularly scheduled shift hours are necessarily overtime hours above 40 in a workweek.

23.     Likewise, Plaintiff Brown's regularly scheduled shifts are from 8 a.m. to 5 p.m., five days a week, inclusive of a one-hour uncompensated lunch break. Thus, any work performed outside of her regularly scheduled shift hours were necessarily overtime hours above 40 in a workweek.

24.     The nature of the work that Plaintiffs and all others similarly situated are employed to perform requires overtime work. Vehicle accidents are unpredictable and can occur at all times of the day. Claims support employees are expected to be responsive to client calls and accommodate clients' schedules in order to maintain Defendants' positive relationship with the clients. Therefore, Plaintiffs and those similarly situated often must work outside their regularly scheduled shifts of 8 a.m. to 5 p.m. and Defendants' regular business hours.

25.     The quantity of work that Plaintiffs and all other similarly situated are expected to perform also requires overtime work. Defendants require claims support employees to meet strict deadlines for filing claims. Additionally, claims support employees are expected to answer all calls from clients and promptly follow up on client inquiries, regardless of when those calls or inquiries come in. Notably, clients are not always located in the same time zone as claims support employees. As such, given the realities of the job, claims support employees cannot meet these job requirements without working outside of their scheduled shifts.

26.     Plaintiffs may have up to 100 separate claims pending at any given time—too much to maintain during the normally scheduled 40-hour workweek.

27.     As such, in addition to their regularly scheduled shifts, Plaintiffs and similarly situated claims support employees routinely work before or after their scheduled shift hours, during their uncompensated lunch periods, and on weekends. However, they are not compensated for these additional work hours about which Defendants are aware.

28.     Because Plaintiffs and similarly situated employees are scheduled to work a regular schedule of at least 40 hours per week, all additional uncompensated work hours are necessarily overtime hours.

29.     Plaintiffs and similarly situated employees regularly work outside their scheduled shift start and end times. Plaintiffs and other similarly situated workers are not compensated for this work, which causes them to work over 40 hours per week.

30.     For example, Plaintiff Brown performed work before or after her scheduled, paid shift nearly every day, for between 1 and 2 hours, causing her to work between 5 and 10 hours of additional uncompensated overtime per week outside of her scheduled shift start and end times.

31.     Many of Plaintiff Brown's clients were based in time zones different than her own. Therefore, Plaintiff Brown routinely began working before the start of her scheduled shift in order to accommodate these clients' schedules and meet the expectations of her job.

32.     Because accidents occur at all times of the day, Plaintiff Brown was also frequently required to work after her regularly scheduled shift hours in order to respond to client calls that came in at or after the end of her scheduled workday.

33.     Plaintiffs and similarly situated claims support employees also regularly work during their uncompensated one-hour meal periods during which they perform their regular job

duties. Plaintiffs and similarly situated employees are not compensated for this work, which caused them to work over 40 hours per week without being paid overtime compensation.

34.    For example, Plaintiff Kilgore worked through her entire one-hour, unpaid lunch break each day between Monday, January 12, 2026, and Friday, January 16, 2026, bringing her total hours worked for the week to at least 45. Nevertheless, Defendants only compensated her for 40.683 of those work hours.

35.    Similarly, Plaintiff Brown performed work during her meal period nearly every day, for at least 15 minutes and sometimes up to her entire 60-minute uncompensated meal period. She was not paid for this time, causing her to work at least an additional 75 minutes of uncompensated overtime per week during her uncompensated meal period, and often more.

36.    On weekends, Plaintiffs and similarly situated employees perform work tasks, including entering claims, filing estimates, and completing claims paperwork.

37.    For example, Plaintiff Brown, on several occasions, worked between 3 and 4 hours on Saturday mornings to catch up on work she was unable to complete during the normally scheduled 40-hour workweek. She was not compensated for these hours.

38.    As such, Plaintiffs and similarly situated employees regularly worked over 40 hours per week. As described above in paragraphs 28-36, Plaintiff Brown regularly worked between 5 and 15 hours of uncompensated overtime per week. However, due to Defendants' policy of not paying overtime compensation for more than two hours per week, among other things, Plaintiffs and similarly situated employees regularly worked substantial overtime hours without receiving compensation at one and one-half times their hourly rates of pay, in violation of the FLSA and the MMWL.

39.    Defendants' violations of the law were willful.

40.     Plaintiffs and similarly situated employees performed this uncompensated work with Defendants' knowledge, if not encouragement.

41.     Defendants were aware that Plaintiffs and other similarly situated employees were working without compensation outside of their scheduled shifts, during their unpaid lunch breaks, and on weekends, because, among other things, Plaintiffs and other similarly situated employees would communicate with their supervisors during these periods, such as through time-stamped emails. Additionally, Plaintiffs and other similarly situated employees regularly used Defendants' online system to file claims—which are also time-stamped—while working outside of scheduled shifts.

42.     Despite Defendants' knowledge that claims support employees' were performing this overtime work—and that their own requirements made it necessary— Defendants have maintained a policy against paying more than two hours of overtime per week.

43.     Due to Defendants' policy against paying more than two hours of overtime per week, claims support employees were encouraged to work off the clock in order to "just get the work done."

**Collective Action Allegations for Violation of the FLSA**

44.     Plaintiffs seek to certify a collective consisting of:

> All current and former hourly-paid employees of Enterprise Fleet Management who have been employed as "claims support employees" in the job titles of Claims Support Coordinator, Claims Support Representative, and Repair Associate, in the past three years, and who have worked hours in excess of 40 per week without receiving overtime compensation for those hours.

45.     Due to the nature of their jobs and Defendants' requirements and expectations, among other reasons, Plaintiffs and similarly situated claims support employees all worked

overtime beyond their regularly scheduled shifts, including before and after their shifts, during their lunch breaks, and on weekends, but were not paid for those hours.

46.    Defendants have maintained a policy against paying more than two hours of overtime per week to Plaintiffs and all similarly situated claims support employees, regardless of the actual amount of overtime hours these employees work.

47.    Defendants have violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a), resulting in damages to Plaintiffs and those similarly situated, in the form of unpaid wages, liquidated damages, incurred and incurring costs, and reasonable attorneys' fees.

48.    Defendants' violation of the FLSA is willful and not in good faith for all members of the putative collective.

49.    Similarly situated claims support employees would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.

**Class Action Allegations for Violations of the MMWL, Mo. Rev. Stat. § 290.500, *et seq*.**

50.    Defendants have violated provisions of Missouri Law by failing to pay Plaintiffs and similarly situated employees for all hours worked and are thus liable to Plaintiffs and all putative Class Members in the form of unpaid wages, liquidated damages, incurred and incurring costs, and reasonable attorneys' fees.

51.    The MMWL Class is defined as follows:

> All current and former hourly-paid employees of Enterprise Fleet Management who have been employed as "claims support employees," in the job titles Claims Support Coordinator, Claims Support Representative, and Repair Associate, in the past three years, and have worked hours regular scheduled hours of 40 per week and who are therefore subject to defendant's policy of only paying, at most 2 hours of overtime per week regardless of the number of hours actually worked without receiving overtime compensation for those hours.

52.    Upon information and belief, there are at least 35 members of the Class. Thus, the Class is so numerous that joinder of all members is impracticable.

53.    There are questions of law and fact common to the members of the Class, including but not limited to:

(a)    Whether Defendants violated the MMWL, Mo. Rev. Stat. § 290.505(1), by failing to pay Class Members at one and one-half times their hourly rate of pay for all hours worked over 40 in a workweek;

(b)    Whether, as a result of Defendants' willful violations of the MMWL, Mo. Rev. Stat. § 290.505(1), Plaintiffs and the members of the Class are entitled to liquidated damages; and

(c)    Whether, as a result of Defendants' violations of the MMWL, Mo. Rev. Stat. § 290.505(1), Plaintiffs and the members of the Class are entitled to an award of attorneys' fees and expenses.

54.    The claims of Plaintiffs Kilgore and Brown are typical of all members of the Class.

55.    Plaintiff Kilgore and Plaintiff Brown have the same interests in this matter as all members of the Class.

56.    Plaintiff Kilgore and Plaintiff Brown are adequate Class Representatives, are committed to pursuing this action, and in the undersigned attorneys have retained competent counsel experienced in wage and hour law and class action litigation.

## COUNT ONE

### Failure to Pay Overtime in Violation of the FLSA, 29 U.S.C. § 207(a)

57.    The allegations set forth in paragraphs 1-56 are hereby incorporated by reference.

10

58.    During their employment with Defendants, Plaintiffs and all similarly situated employees regularly performed work in addition to their regularly scheduled 40-hour-per-week shifts, including before and after their shifts, during their lunch periods, and on the weekends.

59.    Nevertheless, Defendants have failed to pay them at a rate of one and one-half times their hourly rate of pay for these hours worked over 40 in a workweek, in violation of the FLSA, 29 U.S.C. § 207(a).

60.    As a result of Defendants' willful and purposeful violations of the FLSA, there has become due and owing to Plaintiffs and similarly situated employees an amount that has not yet been precisely determined. Defendants are under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records from which the precise amount of Defendants' liability may be determined.

61.    Pursuant to 29 U.S.C. § 216(b), Plaintiffs and similarly situated employees are entitled to recover their backpay as well as liquidated damages in an amount equal to their backpay for Defendants' failure to pay overtime compensation, as well as reasonable attorneys' fees and costs.

## COUNT TWO

### Failure to Pay Overtime in Violation of the MMWL, Mo. Rev. Stat. § 290.505

62.    The allegations set forth in the preceding paragraphs 1-61 are hereby incorporated by reference.

63.    During their employment with Defendants, Plaintiffs and all similarly situated "claims support employees" regularly performed work in addition to their regularly scheduled 40-hour-per-week shifts, including before and after their shifts, during their lunch periods, and on the weekends.

64.     Nevertheless, Defendants have failed to pay them at a rate of one and one-half times their hourly rate of pay for these hours worked in excess of 40 in a workweek, in violation of the MMWL, Mo. Rev. Stat. § 290.505(1).

65.     As a result of Defendants' willful and purposeful violations of the MMWL, there has become due and owing to Plaintiffs and similarly situated workers an amount that has not yet been precisely determined. Defendants are under a duty imposed by Mo. Rev. Stat. § 290.520, and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records from which the precise amount of Defendants' liability may be determined.

66.     Pursuant to Mo. Rev. Stat. § 290.527, Plaintiffs and all others similarly situated are entitled to recover their backpay, as well as liquidated damages in an amount equal to two-times their backpay for Defendants' failure to pay overtime compensation, along with reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Kilgore and Plaintiff Brown, individually and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

(a)     Enter judgment declaring that the Defendants have willfully and wrongfully violated their statutory obligations under the FLSA and MMWL;

(b)     Order a complete and accurate accounting of all the compensation to which the Plaintiffs and all similarly situated employees are entitled;

(c)     Award Plaintiffs and all similarly situated employees monetary damages, including backpay, liquidated damages and interest;

(d)     Award Plaintiffs and all similarly situated employees their reasonable attorneys' fees to be paid by the Defendants, and the costs and disbursements of this action; and

(e)    Grant such other relief as may be just and proper.

## <u>JURY TRIAL DEMAND</u>

Plaintiff Kilgore and Plaintiff Brown hereby demand a jury trial in this action.

Dated: February 17, 2026                    Respectfully submitted,

<div style="margin-left:45%">

*/s/Mark Potashnick*
Mark Potashnick
Weinhaus & Potashnick
11500 Olive Blvd., Suite 133
St. Louis, MO 63141
(314) 997-9150
markp@mp-attorneys.com


Sarah M. Block (*Pro Hac Vice Forthcoming*)
Patrick J. Miller-Bartley (*Pro Hac Vice Forthcoming*)
Callie E. Dydo (*Pro Hac Vice Forthcoming*)
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC 20005
Phone: (202) 833-8855
smb@mselaborlaw.com
pmb@mselaborlaw.com
ced@mselaborlaw.com

</div>